UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE GARRITY ET AL                                              CIVIL ACTION

versus                                                           NO. 06-7151

TRAVELER'S INSURANCE COMPANY[1]                                  SECTION: E/5
ET AL

## ORDER AND REASONS

Plaintiffs Wayne and Lisa Garrity ("Garrity") filed a motion to remand this case to the 34th Judicial District Court for the Parish of St. Bernard. Record document #4. Defendant Standard Fire Insurance Company ("Standard Fire") opposes the motion. After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED.

## FACTS AND PROCEDURAL BACKGROUND

Garrity's home in Chalmette was destroyed by the ravages of Hurricanes Katrina and Rita in August and September of 2005.[2] The home was covered by a homeowner's policy issued by Standard Fire. The settlement offers and payments made by Standard Fire in response to Garrity's claim were unsatisfactory to the insureds. On August 18, 2006, Garrity filed suit against Standard Fire, a foreign insurer doing business in Louisiana, and Harry Kelleher & Company, Inc., a Louisiana corporation, and

---

[1]Taveler's Insurance Company was terminated as defendant on October 12, 2006, when Standard Fire Insurance Company was substituted as the correct defendant.

[2]See, generally, Petition for Damages and Jury Demand.

Harry Kelleher, III, a Louisiana citizen (collectively "Kelleher"), the agency and agent who sold the insurance policy to Garrity.  The claims against Standard Fire are for breach of contract, and those against Kelleher are for negligence, breach of fiduciary duty and misrepresentations regarding the coverage provided under the policy.  There is no dispute that the amount in controversy exceeds $75,000.00.

Standard Fire removed the case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, and the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. § 1369.  R.d. #1.  It argues that the non-diverse parties are improperly joined because Garrity's claims against Kelleher are perempted, or because they have no cause of action against Kelleher under Louisiana law.  Standard Fire also argues that the claims against Kelleher are misjoined pursuant to Fed. Rule Civ. P. 20.

## ANALYSIS

A civil action filed in a state court may generally be removed to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Statutes conferring removal jurisdiction are strictly construed in favor of remand.  Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Jurisdiction is fixed at the time of removal, and

the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723. When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues. Erie R.R. Co. v. Tompkins, 304 U.E. 64, 78 (1938).

Standard Fire argues that the nondiverse defendants are improperly joined because Garrity's claims against Kelleher are perempted pursuant to La.R.S. 9:5606(A), or because Garrity cannot state a claim against Kelleher as a matter of law. Alternatively, Standard Fire argues that Garrity's claim against Kelleher are subject to dismissal based on misjoinder.

This Court has numerous motions to remand pending in cases similar to this one, most of which present the same legal issues. The legal standards for improper joinder and misjoinder have repeatedly been set forth in similar cases pending in the Eastern District in recent months. *See, e.g.,* Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.); Fidelity Homestead Association v. Hanover Insurance Co., – F.Supp.2d –, 2006 WL

2873562 (E.D.La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406 *3 (E.D.La.); Thomas P. Ragas v. Jimmy Tarleton III and AllState Ins. Co., 2006 WL 2925448 (E.D.La.); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D.La.).

Standard Fire supports its arguments with an affidavit by Monica Grissom, a Technical Specialist for Standard Fire, stating that Garrity's policy was originally purchased on March 26, 1995, and was renewed for each subsequent policy period without "any substantive or material restrictions" in the coverage provided by the original policy.  It also offers an affidavit by Kelleher with similar statements, and stating that Garrity switched his flood insurance to another agent in 2001.  Kelleher attached to his affidavit a copy of a letter from Kelleher to Garrity, dated May 8, 2005, urging Garrity to purchase flood insurance.  Garrity responded with his own affidavit stating that during the three years prior to filing suit, he "relied on the expertise of Harry Kelleher in procuring necessary and adequate insurance" for his home in the event of a hurricane, and that Kelleher "took affirmative steps" to "inform and advise" him regarding his coverage.

The Court cannot determine from the conflicting affidavits before it whether Garrity's claims are perempted, or whether he can maintain his negligence claims against Kelleher under state

law.  Accepting the facts alleged in his Complaint as true and construing any doubts or ambiguities in favor of remand, as the Court must, the Court finds that Standard Fire has not met its heavy burden of showing improper joinder.  *See*, *e.g.*, Richmond v. Chubb Group of Insurance Companies, 2006 WL 2710566, *5 (E.D.La. 09/20/06); Schwartz v. Chubb & Sons, 2006 WL 9890673, *3 (E.D.La. 04/11/06); Ruiz v. State Farm Ins. Co., C.A. No. 06-6326 (E.D.La. 12/06/06).

## Misjoinder Pursuant to F.R.Civ.P. 20(a)

Standard Fire next argues that the claims against Kelleher are improperly joined pursuant to F.R.Civ.P. 20(a) because those claims are distinct and separate from the claims against Standard Fire.  In this case, common questions of fact flowing from the same series of transactions or occurrences will arise in the contract claims against the insurer and the tort claims against the agent, as both relate to the procurement of the policy at issue, its particular terms and extent of coverage, and the facts surrounding the loss suffered by plaintiff.  Moreover, a plaintiff is entitled to plead for relief in the alternative.  *See, e.g.,* Schwartz, 2006 WL 980673 *4 for a discussion of the Fifth Circuit's jurisprudence regarding Rule 20(a) "misjoinder"; Dobson *12; Botnick v. Vigilant Insurance Co., 2006 WL 2947912 *7 (E.D.La. 10/13/06); Harrington v. Lexington Insurance co., 2006 WL 2192853 *3 (E.D.La. 8/1/06); Southern Athletic Club, LLC, 2006

WL 2583406 *4 (E.D.La. 9/6/06).

### **Multiparty, Multiforum Trial Jurisdiction Act (MMTJA)**

Finally, Standard Fire alleges that the federal court has jurisdiction pursuant to the MMTJA, 28 U.S.C. § 1369.  This Court agrees with the several sections in the Eastern District that have found that Hurricane Katrina is not an "accident" within the meaning of the terms of Section 1369, and the MMTJA is not applicable to this case.  *See* Fidelity Homestead Association *5 (Berrigan, J.); Flint v. Louisiana Farm Bureau Ins. Co., 2006 WL 2375593, *3 (E.D.La. 2006)(Duval, J.); Southern Athletic Club, LLC, *6 (Lemmon, J.); Berry v. Allstate Ins. Co., 2006 WL 2710588, *3 (E.D.La. 2006)(Zainey, J.); Carroll v. Lafayette Ins. Co., 2006 WL 2663031, *3 (Lemelle, J.); Southall v. St. Paul Travelers Ins. Co., 2006 WL 2835365, *5 (E.D.La. 2006)(Barbier, J.).

Accordingly,

**IT IS ORDERED** that the Garrity's motion to remand is **GRANTED**, and the captioned matter, C.A. 06-7151, is hereby **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, December 20, 2006.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge